IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS ISMAEL ROJAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2305 |
| | § | |
| THE HONORABLE JAN KROCKER, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, files this section 1983 lawsuit complaining that State District Judge Jan Krocker denied his motion for a free copy of his state trial record. Plaintiff moves this Court for injunctive relief ordering defendant to provide him a copy of his state trial record.

Pursuant to 28 U.S.C. § 1915A, the Court has carefully reviewed the complaint, public court records, and the applicable law, and DISMISSES this lawsuit for the reasons that follow.

### *Factual Background and Claims*

Public court records show that plaintiff was convicted of aggravated sexual assault of a child in 2002 and sentenced to life imprisonment. He was represented by counsel on direct appeal, and the conviction was affirmed in 2003. He has not challenged the conviction through state or federal collateral review. Plaintiff complains that, in 2009, Judge Krocker

denied his motion requesting a free copy of his state trial record. Plaintiff asserts that he needs a copy of his state trial record in order to pursue four claims in an application for state habeas relief, and requests this Court to order Judge Krocker to provide him a copy of the record.

## *Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff claims that Judge Krocker erred in denying his motion. A litigant seeking relief under section 1983 must show the violation of a federal constitutional or statutory right. In challenging Judge Krocker's adverse ruling, plaintiff raises a procedural issue under state law, not a substantive issue under federal law, and his challenge to the ruling must be pursued through the state courts, not the federal courts. *See Du Bois v. Warne*, 336 F. App'x 407, 409-10 (5th Cir. 2009).

Liberally construing plaintiff's complaint as raising an issue of federal substantive law affords him no greater relief, as he enjoys no federally recognized right to a copy of his state trial record. The federal constitution does not require the state to provide a habeas petitioner a free copy of his trial transcript for the purpose of searching for possible errors "merely because he is indigent." *Bonner v. Henderson*, 517 F.2d 135, 135 (5th Cir. 1975); *Deem v. Devasto*, 140 F. App'x 574, 575 (5th Cir. 2005). Rather, an indigent habeas petitioner is only entitled to a free copy if he can establish that it is necessary for a fair adjudication of at least one of his claims. *See Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1972).

Here, plaintiff asserts four potential habeas grounds – one raising ineffective assistance of trial counsel, and three complaining of trial court error. The latter three grounds are "record claims" in that the asserted errors occurred during trial and would appear in the trial record itself. It is well established under state law that record claims must be brought on direct appeal, not collateral review. *See Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). Plaintiff did not raise these errors on direct appeal, and they have been waived. *Id*. On the other hand, claims asserting ineffective assistance of counsel are generally not record claims, and must be raised on collateral review. In such instances, and under the Sixth Amendment claim alleged here by plaintiff, counsel's ineffective assistance would not appear in the record and a copy of the state trial record is not necessary. *See Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).

Moreover, if a habeas petitioner's attorney was provided a copy of his trial transcript for his direct appeal, there is no requirement that the petitioner be provided a copy of his transcript. *See Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1972). Plaintiff in the instant case was represented by counsel on appeal. *Rojas v. State*, No. 01-02-00262-CR (Tex. App. – Houston [1st Dist.] 2003, pet. ref'd). A review of the opinion on appeal shows that trial counsel referenced the record and clearly had a copy of the record for his use on appeal. That Judge Krocker declined to provide plaintiff in this case with another copy of his state court record for state habeas purposes does not raise an issue of federal constitutional dimension. No cognizable civil rights claim has been asserted in this complaint.

### *Conclusion*

For these reasons, this lawsuit is DISMISSED WITH PREJUDICE under Section 1915A as frivolous and for failure to state a claim. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on July 1, 2010.

Gray H. Miller
United States District Judge